97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon J. SHAW, Defendant-Appellant.
 No. 95-30405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1996.*
Decided Sept. 23, 1996.
 
 Before: WRIGHT, SCHROEDER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vernon J. Shaw appeals his jury conviction for mail fraud in violation of 18 U.S.C. § 1341. Shaw contends that the government failed to prove beyond a reasonable doubt that he used the mails in furtherance of his fraudulent scheme. We review the evidence in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We affirm.
 
 
 3
 The district court relied on the May 17, 1993 letter to the Phairs in denying Shaw's motion of acquittal under Fed.R.Civ.P. 29(a). Shaw argues that: 1) the fraudulent scheme was already completed and discovered by the time the letter was mailed, and 2) the mailing does not constitute a lulling letter. It does not matter that the May 17, 1993 letter was mailed after the Phairs were first aware that Shaw misappropriated their insurance money. "Letters mailed after the defrauders have received their money may be in furtherance of the fraudulent scheme[.]" United States v. Brutzman, 731 F.2d 1449, 1454 (9th Cir.1984).
 
 
 4
 There was sufficient evidence to support the theory that the May 17, 1993 letter was a "lulling letter" in furtherance of the scheme to defraud. A lulling letter is "designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make apprehension of the defendants less likely." United States v. Manarite, 44 F.3d 1407, 1412 (9th Cir.1995) (quoting United States v. Maze, 414 U.S. 395, 403 (1974)). The May 17, 1993 letter was designed to lull the Phairs into a false sense of security that their money would grow at a faster rate because of a "European group" of investors. ("These European investors are set to invest up to $10,000,000 per year, so our growth should be very exciting.") "In such a scheme, the mailing reassures the victim that all is well[.]" Manarite, 44 F.3d at 1412. A rational jury could reasonably have found that Shaw's May 17, 1993 letter was a "lulling letter" designed to lull the victims into a false sense of security. The district court did not err in denying the motion for judgment of acquittal as to the mail fraud count, holding that "the May 17, 1993, letter is a textbook case of a lulling letter."
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3